IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHERIE L. OBLANDER,

   Plaintiff,

vs.              Case No. 04-1175-JTM

JO ANNE BARNHART, Commissioner of
Social Security,

   Defendant.

## MEMORANDUM AND ORDER

   This matter comes before the court on the plaintiff's Social Security Brief (Dkt. No. 5) filed pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the Social Security Commissioner's denial of disability benefits. Plaintiff argues that: 1) the administrative law judge (hereafter "ALJ") failed to conduct a proper credibility analysis, in particular with regards to plaintiff's subjective testimony of the persistence and intensity of her pain and her psychological symptoms; 2) the ALJ derived an improper residual functional capacity (hereafter "RFC") by not considering the effect of plaintiff's severe physical and mental impairments; and 3) the ALJ erred in concluding that plaintiff is capable of returning to her past relevant work. In response, the Commissioner argues that the ALJ's finding that plaintiff was not disabled was based on substantial evidence, and thus the ALJ's conclusion should not be disturbed. The court finds substantial evidence supporting the ALJ's decision denies plaintiff's claim.

**I. BACKGROUND**

Plaintiff Cherie L. Oblander brings this appeal following the denial of her social security disability claim. Ms. Oblander was 39 years old on the date of her hearing and has a general equivalency degree. She has worked as a pharmacy technician, a brokerage clerk, a general-ledger bookkeeper, an order clerk, an automobile contract clerk, a teller, and a route-delivery clerk. In her disability report, she alleged disability due to fibromyalgia, chronic pain and fatigue, migraines, depression, and restless leg syndrome.

On September 19, 2001, plaintiff filed an application for disability insurance benefits, claiming she was disabled since June 2000. Her application was denied initially and upon reconsideration. On September 9, 2002, Ms. Oblander filed a request for a hearing, which the ALJ granted. On March 31, 2003, Ms. Oblander testified at a hearing before ALJ Michael Dayton. On July 11, 2003, the ALJ issued an unfavorable decision finding that plaintiff was not disabled under the Social Security Act. In reaching this conclusion, the ALJ undertook a five step sequential analysis. See 20 C.F.R. § 404.1520; Tr. 16. The ALJ found that the claimant had not engaged in substantial gainful activity since the alleged onset of disability and that she had impairments that could be considered "severe." Tr. 24. Yet, these impairments did not equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. The ALJ noted that the claimant had a residual functional capacity for a range of sedentary work and that she could return to either past relevant work or a range of other work existing in significant numbers in the economy. Tr. 24. The ALJ took into account the record as a whole in making this determination, including plaintiff's credibility and the medical evidence. Since the claimant was not disabled for purposes of the Social Security Act, the ALJ determined that benefits were not

warranted.

Plaintiff filed a request for appeal of the ALJ decision, but the Appeals Council denied Ms. Oblander's request. Having exhausted her administrative remedies, plaintiff brought this action.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), "the finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence is more than a scintilla and is that evidence which a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401-02, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Miller v. Chater, 99 F.3d 972 (1996); Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989); Kemp v. Bowen, 816 F.2d 1469, 1475 (10th Cir. 1987). Substantial evidence requires the presence of enough relevant evidence that a reasonable mind might consider the Secretary's decision adequately supported. Richardson, 402 U.S. at 401. The court must scrutinize the record and take into account whatever evidence fairly detracts from the evidence supporting the Secretary's findings. Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir. 1984). An absence of substantial evidence will be found only where there is a conspicuous absence of credible choices and no contrary medical evidence. Trimiar v. Sullivan, 966 F.2d 1326, 1328 (10th Cir. 1992). Evidence is insubstantial if it is overwhelmingly contradicted by other evidence. O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994); Frey v. Bowen, 816 F.2d 508, 512 (10th Cir. 1987) (citations omitted). The function of the district court is to determine whether there is evidence to support the decision of the Secretary and not to reweigh the evidence or try the issues de novo. If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed.

This deferential standard of review does not apply to the Secretary's application of the law. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994); Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984); Frey, 816 F.2d at 512. Thus, reversal may be appropriate when the Secretary either applies an incorrect legal standard or fails to demonstrate that she relied on the correct legal standards. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994).

**III. ANALYSIS**

**A. The ALJ's Credibility Analysis**

Plaintiff argues that the ALJ only conducted a partial credibility analysis. Plaintiff reasons that since the ALJ concluded the evidence did not document significant limitations, he did not evaluate other factors required by SSR 96-7p, such as frequency and intensity of pain. See Dkt. No. 5, at 15. Generally, credibility determinations are the province of the ALJ, who is the individual optimally positioned to observe and assess witness credibility, and such determinations will not be upset when supported by substantial evidence. Nelson v. Commissioner of Social Security Admin., 252 F. Supp.2d 1148, 1155 (D. Kan. 2003); Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "The ALJ need not discuss every relevant factor in evaluating pain testimony." Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002) (citation omitted). In evaluating evidence of disabling pain, the court examines: 1) whether claimant proves with objective medical evidence an impairment that causes pain; 2) if so, whether a loose nexus exists between the impairment and the subjective complaints of pain; and 3) if so, whether the pain is disabling based upon all objective and subjective evidence. Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). See Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994). In the final step, the court may consider the levels of medication and their effectiveness,

the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence. Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991); Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir. 1988); SSR 96-7p.

In applying Luna, plaintiff clearly meets the first two steps as there is objective evidence of impairments and these may be linked to subjective complaints of pain. Tr. 17. However, plaintiff falls short at step three because there is sufficient evidence to conclude that the evidence is not disabling. As the ALJ noted in the third step of his sequential evaluation process, claimant's impairments, individually or in some collective form, do not meet the listing. Tr. 20. Plaintiff engages in a range of self-reported activities and only suffers from mild or moderate restrictions. Tr. 20. Additionally, the mental impairments, though the ALJ characterized them as severe, did not meet the listing requirements. Tr. 20.

The court does not agree with plaintiff's conclusion that the ALJ inadequately reviewed credibility factors. First, plaintiff makes too much of the fact that the ALJ took into consideration her continuing employment after her June 2000 alleged onset date. In light of the record as a whole, plaintiff's on and off ability to work may have indicated to the ALJ that she was not statutorily "disabled." The ALJ was aware of plaintiff's periods of leave and the limited work she did for her husband based on plaintiff's testimony at her hearing. Tr. 490-492. More importantly, the ALJ did not stop at step one of the analysis and reviewed other factors relating to whether Ms. Oblander was impaired. Tr. 16. Next, plaintiff's assertion that the ALJ failed to

take into account the passage of time is questionable. The ALJ reviewed medical reports from September 2000 until April 28, 2003, which was after the hearing date. Tr. 18-19. The ALJ noted the range of activities plaintiff reported being engaged in and plaintiff's testimony of her symptoms. With all this information, the ALJ concluded that plaintiff's subjective report and the medical evidence did not meet the statutory requirement for a severe impairment. Substantial evidence on the record supports the ALJ's finding since there were discrepancies in plaintiff's report of her symptoms and the medical record.

**B. The ALJ's Evaluation of the Effect of Impairments on Plaintiff's RFC**

Plaintiff argues that the ALJ derived an improper RFC because he did not properly evaluate plaintiff's severe physical and mental impairments. When an ALJ is formulating an RFC in which symptoms such as pain are alleged, he must: 1) provide a thorough discussion and analysis of the objective medical and other evidence, including individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate; 2) include a resolution of any inconsistencies in the evidence as a whole; and 3) set forth a logical explanation of the effects of symptoms, including pain, on an individual's ability to work. SSR 96-8p. Here, the ALJ provided a detailed review of plaintiff's medical history, including evaluations completed after the hearing. Tr. 17-19. In the last of these evaluations, done April 28, 2003, the examining doctor determined that the claimant attempts to overstate the degree of pathology present and had slight to no impairments of her ability to understand, remember and carry out instructions. Tr. 19. This was consistent with Dr. David Simmonds' evaluation in December 2001, where he noted that plaintiff could meet the demands of full-time employment. Tr. 18, 240. In a later consultative examination on June 14, 2002, Molly Allen, Psy.D. found claimant

capable of work, despite depression and the stress of her illness. Tr. 18.

In a March 2002 evaluation with Dr. Adrian P. Pay, plaintiff complained of fatigue but reported being busy and active sitting for her neighbor's baby. Tr. 17, 249. In an April 2002 evaluation, plaintiff reported exercising and engaging in water therapy, though noting tingling when she exercised. Tr. 246. As late as August 2002, plaintiff indicated that medication improved her motivation, focus and concentration. Tr. 17, 367.

Based on the record (see Tr. 18-22), the ALJ concluded that claimant had functional limitations but still maintained the ability to engage in occupation activity consistent with the RFC. The ALJ provided adequate narrative discussion of plaintiff's physical and mental impairments. He reviewed claimant's statements of activities and report of depression. He reviewed the inconsistencies among the consultative examiners and claimant's therapist. Tr. 22. The ALJ also noted the limitation in the therapist's evaluation because of the short time span in which the sessions were held and the fact that the therapist was not a medical doctor. Tr. 22. While the ALJ's recommendation was similar to the state agency non-examining employee physicians, he reached an opinion independently and evaluated evidence of physical and mental impairments obtained after January 2002 in reaching his conclusion. Tr. 21-22. Even if the ALJ failed to explicitly review Dr. Michael Estivo's records of October 11, 2002, regarding straight leg tests and noted the wrong number of visits to Ms. Simoneau, these errors do not undermine the RFC. As the ALJ noted, Ms. Simoneau's evaluation was not that of a doctor and could be given less weight. Tr. 22. Having reviewed the record, this court is in agreement with the ALJ and finds that substantial evidence on the record supports his conclusion.

**C. The ALJ's Conclusion as to Claimant's Ability to Work**

Plaintiff argues that the ALJ's conclusion that the claimant could perform past relevant work was without adequate rationale. Under SSR 82-62, an ALJ must provide a rationale for a disability decision written so that a "clear picture of the case can be obtained." SSR 82-62. This means that the rationale should follow an orderly pattern and show how the evidence leads to a conclusion. SSR 82-62. The file should contain all pertinent medical and non-medical facts with an explanation of the weight attributed to these factors, reconciling any significant inconsistencies. SSR 82-62. The ALJ must include the following specific findings of fact: 1) a finding of fact as to the individual's RFC; 2) a finding of fact as to the physical and mental demands of the past job/occupation; and 3) a finding of fact that the individual's RFC would permit a return to his or her past job or occupation. SSR 82-62.

Here, the court finds that the ALJ has satisfied these requirements and provided sufficient evidence as to how he reached his conclusion. The claimant provided evidence of past relevant work in her Work History Report. Tr. 105-18. Based on the evidence the ALJ reviewed, he concluded that the claimant could engage in a range of work. Tr. 22-23. The vocational expert completed a report describing plaintiff's past work and submitted a report at the hearing. Tr. 188-90. The ALJ specifically noted that the evidence received in the record after the reconsideration did not provide any new or material information that would alter any finding about the claimant's residual functional capacity, a conclusion with which the court is in agreement. Tr. 22. The ALJ posed the hypothetical question to the vocational expert, including all of plaintiff's credible limitations, and the expert concluded that a person with plaintiff's impairments could return to her past relevant work. Because the ALJ made the alternative

8

finding as to past relevant work through the vocational expert testimony, any error may be deemed harmless in light of the record as a whole.  See Gay v. Sullivan, 986 F.2d 1336, 1341 n. 3 (10th Cir. 1993) (having affirmed the ALJ's findings regarding the limited nature and effect of plaintiff's impairments, the Tenth Circuit found that the ALJ's hypothetical inquiries to a vocational expert, which included the earlier findings, provided a proper basis for an adverse determination and failure to refer expressly to a particular detail constituted only harmless error); Diaz v. Secretary of Health & Human Servs, 898 F.2d 774, 777 (10th Cir. 1990) (finding only harmless error where an ALJ did not include a full list of claimant's impairments in his hypothetical question to the vocational expert where the expert had heard hearing testimony).

IT IS ACCORDINGLY ORDERED this 14th day of March, 2005, that the court denies plaintiff's Social Security Brief (Dkt. No. 5).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE